OPINION JUDGMENT ENTRY
{¶ 1} On January 21, 2001, Kimberly Garrett sustained fatal injuries in a motor vehicle accident caused by the negligence of another. At the time of the accident, Mrs. Garret was employed by America's Choice Title Agency, Inc., insured under a commercial general liability policy issued by Erie Insurance Company.
 {¶ 2} On October 17, 2002, Mrs. Garrett's husband, Darren Garrett, individually and as personal representative of Kimberly Garrett's estate, filed a complaint against Erie seeking uninsured/underinsured motorist benefits.
 {¶ 3} On April 25, 2003, Erie filed a motion for summary judgment. By judgment entry filed June 26, 2003, the trial court granted said motion, finding the policy at issue was not a motor vehicle policy subject to uninsured/underinsured motorist coverage.
 {¶ 4} Appellants filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "The trial court erred in granting summary judgment for defendant erie insurance company in that the trial court erred as a matter of law in the interpretation on the insurance contract at issue."
 I {¶ 6} Appellants claim the trial court erred in granting summary judgment to Erie. We disagree.
 {¶ 7} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins,75 Ohio St.3d 447, 448, 1996-Ohio-211:
 {¶ 8} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex.rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."
 {¶ 9} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35.
 {¶ 10} In its judgment entry of June 26, 2003, the trial court determined the commercial general liability policy was not a motor vehicle liability policy under R.C. 3837.18 and as such, was not required to offer uninsured/underinsured motorist benefits. Appellants argue the commercial general liability policy sub judice provided limited automobile liability coverage and therefore Erie was required to offer uninsured/underinsured motorist coverage.
 {¶ 11} In Pugh v. Erie Ins. Exchange, Stark App. No. 2002CA00134, 2002-Ohio-5929, ¶ 14, this court reviewed a similar policy and determined the policy was not a motor vehicle liability policy because it did not specifically list identified vehicles. In addition, this court has consistently held ancillary vehicle coverage such as "parking operations" and "mobile equipment" exceptions in commercial general liability policies do not transform said policies into motor vehicle policies subject to uninsured/underinsured motorist coverage. See, Heidt v. Fed.Ins. Co., Stark App. No. 2002CA00314, 2003-Ohio-1785, andDalton v. The Travelers Ins. Co., Stark App. Nos. 2001CA00380, 2001CA00393, 2001CA00407, and 2001CA00409, 2002-Ohio-7369, both affirmed in part and reversed in part on other grounds,100 Ohio St.3d 302, 2003-Ohio-5888; Jordan v. Travelers Property Cas.Ins. Co., Stark App. No. 2002CA00248, 2003-Ohio-1309; Jett v.State Auto. Mut. Ins. Co., Stark App. No. 2002CA00183, 2002-Ohio-7211; Szekeres v. State Farm Fire Cas. Co., Licking App. No. 02CA00004, 2002-Ohio-5989, affirmed, 100 Ohio St.3d 302,2003-Ohio-5888.
 {¶ 12} Upon review, we find the trial court did not err in granting summary judgment to Erie.
 {¶ 13} The sole assignment of error is denied.
 {¶ 14} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
Judgment affirmed.
Wise and Boggins, JJ., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.